## LEONARD v. BARTELS et al.

The writ of prohibition is a prerogative writ used with great caution where the ordinary remedies provided by law are not applicable or adequate, and will not be used to correct an erroneous exercise of jurisdiction with which an inferior court is vested.

PETITION for writ of prohibition. The case is sufficiently stated in the opinion.

Mr. JOHN C. FITNAM, for petitioner.

Mr. ALFRED SAYRE, for respondents.

ELBERT, J.  The writ of prohibition is defined as an extraordinary judicial writ, issuing out of a court of superior jurisdiction, and directed to an inferior court, for the purpose of preventing the inferior tribunal from usurping a jurisdiction with which it is not legally vested. High's Extraordinary Leg. Rem., § 762.

It is not granted *ex debito justitiæ*, but rests in the sound discretion of the court.

It is a prerogative writ, used with great caution, where the ordinary remedies provided by the law are not applicable or adequate. It is never allowed to usurp the office of a writ of error or an appeal. It is used to confine inferior courts in the exercise of their powers, within the limits fixed by the law.

A clear distinction is made by the authorities between the assumption of a jurisdiction, to which the court has no legal claim, and the mere erroneous exercise of a jurisdiction, with which the court *is invested*. If the inferior court has jurisdiction of the subject-matter, a mistaken exercise of that jurisdiction, or of its acknowledged powers, will not justify a resort to the extraordinary remedy by prohibition. There must be *excess* of jurisdiction, and not mere error in the exercise of a jurisdiction which is conceded. High's Extraordinary Leg. Rem., § 762 *et seq.*

The grounds upon which the writ is prayed in this case

relate to errors in the exercise of a jurisdiction conferred by law. It is clear that the county court had jurisdiction of the subject-matter under the statute. The objections go to the sufficiency of the affidavit and the summons. They relate to mere matters of practice within the power of the court to determine. If the court erred in holding that the affidavit and summons were sufficient under the statute to give it jurisdiction of the cause and the person, it is an error in the exercise of a jurisdiction granted and not an illegal claim of jurisdiction. It is an erroneous *exercise* not an *usurpation* of authority. Such errors must be corrected by the ordinary methods provided for review.

In this view, the demurrer must be sustained and the rule to show cause discharged.

*Rule discharged.*