People ex rel. Loveland & Greeley Ir. & Land Co. v. District Court of Larimer County et al.

That a district court has overruled an objection to its jurisdiction of the subject-matter of an action pending before it, and is about to adjudicate the cause on the merits, will not authorize a writ of prohibition, as the objection may be examined on appeal or error.

*Application for a Writ of Prohibition.*

Petition by the Loveland & Greeley Irrigation & Land Company for a writ of prohibition against the district court of Larimer county and the Handy Ditch Company.

Mr. Hugh Butler, for petitioners.

Messrs. B. L. Carr and Willard Teller, for respondents.

Per Curiam.  By the petition presented for our consideration, it is shown that a certain civil action is pending in the district court of Larimer county; that petitioner, who is defendant in said action, objected to proceeding therein on the ground that the court had no jurisdiction of the subject-matter; that the court overruled this objection, and is now about to adjudicate the cause on the merits.  Petitioner asks for an original writ of prohibition from this court, commanding the court below to desist from further action in the premises.  Petitioner's objection may be examined upon a review of the final judgment on appeal or error.  Therefore he has an adequate remedy at law, and no sufficient ground for allowing the writ is presented.  High, Extr. Rem. § 771, and citation.  Were we to entertain the application in this case, we could not well refuse to do likewise in other civil actions, where a similar question of jurisdiction had been raised in the court below, and there determined in the same manner.  Thus, prohibition would be largely substituted for appeal and error as a method of reviewing rulings relating to jurisdiction.  Extraordinary cases may arise where, in the exercise of that "sound discretion" always possessed by courts in connection with the writ of prohibition, it will be allowed for the purpose of considering rulings like the one in question.  Such a case was *People v. District Court*, 6 Colo. 534, cited by counsel.  In that case, though the court had no jurisdiction over the subject-matter, petitioners had been adjudged guilty of contempt, and final judgment was about to be pronounced which might include imprisonment, and thus deprive them of their personal liberty.  The petition must be denied.

*Petition denied.*