# SUPREME COURT

OF THE

## STATE OF COLORADO.

## September Term, 1901.

[Nos. 4382 and 4405.]

THE PEOPLE EX REL. ADAMS ET AL. V. THE DISTRICT
COURT OF ARAPAHOE COUNTY AND PALMER, JUDGE.

1. PROHIBITION.

The writ of prohibition is not one of right. It may issue in extra-ordinary cases in the exercise of a sound discretion of the court to which the application therefor is addressed, but never where the ordinary remedies by law are applicable and adequate. Neither should it be permitted to supersede the ordinary functions of an appeal or writ of error.

2. PROHIBITION—CITY ORDINANCES.

Where a party who has been convicted before a police magistrate and in the county court of violating a city ordinance from which conviction he has taken the case on error to the supreme court, and pending the appeal he applied for and obtained an injunction from the district court restraining the municipal authorities from enforcing the ordinance against him on the ground that it is unconstitutional, which judgment of the district court was removed to the supreme court by the municipal authorities for review, the supreme court will not upon appli-

cation of the municipal authorities issue a writ of prohibition to the district court to prevent the enforcement of the injunction.

3.  SAME.

Where a party applied for and obtained from the district court a writ of injunction restraining the municipal authorities from enforcing a city ordinance against him on the ground that the ordinance did not apply to him, and the municipal authorities appealed to the court of appeals the supreme court will not interfere with the jurisdiction of the court of appeals by issuing a writ of prohibition to the district court to prevent the enforcement of the injunction.

### Original Proceedings.

### Applications for Writs of Prohibition.

Mr. H. M. ORAHOOD, Mr. N. B. BACHTELL and Mr. H. L. RITTER for relators.

Mr. MILTON SMITH for respondents.

*Per Curiam.*—These proceedings are the outgrowth of two actions commenced in the district court of Arapahoe county to prevent the police authorities of the city of Denver from enforcing certain ordinances. The judgments being adverse to the petitioners, they ask for writs of prohibition from this court commanding the respondents to desist from further proceedings, or enforcing such judgments.

From the petitions filed and other sources of information of which we take judicial notice, the material facts to consider are briefly as follows: One Daniel Cronin was arrested for a violation of the wine room ordinance and fined before the police magistrate of the city of Denver. From this judgment he appealed to the county court of Arapahoe county, where he was again found guilty, and that from this judgment he has brought the case to this court for review on error; that pending his appeal to the county court he instituted proceedings in the district court

by which he sought to restrain the municipal authorities from enforcing the wine room ordinance upon the ground that it was unconstitutional. The trial of this action resulted in a judgment in his favor, enjoining the authorities from enforcing the wine room ordinance as against him. This action has been removed by petitioners to this court where it is now pending on appeal.

The Chesapeake Oyster and Fish Company also instituted an action in the district court against petitioners for the purpose of preventing the city authorities from enforcing the ordinance as against it which prohibits the sale of liquors in any bar room on Sunday within the city, upon the ground that this prohibition of the sale of liquors did not extend to restaurants. The judgment in this action was also adverse to the city, and it has taken the cause to the court of appeals for review on appeal. It is charged in the petitions that unless relief is secured through the writs prayed, the city cannot enforce the ordinances in question, and that for this reason the authorities are hampered in the discharge of their duties, and the city virtually thrown open to the lawless element.

The extraordinary power vested in this court to regulate the proceedings of inferior tribunals by prohibition should not be exercised except in cases where the necessity of the situation demands it. From the facts before us, no such necessity exists. The files of this court disclose that the defendant Cronin was, after the judgment of the district court, duly tried, convicted and fined in the county court of Arapahoe county for the violation of the very ordinance in question. The judgments of the district court only affect the parties to the actions in which

they are rendered.   All others, at least, may be proceeded against for a  violation  of  the  ordinances of the city in the police  magistrate's and county courts, which are  regularly  vested  with  jurisdiction to  try and  determine  the  guilt  or  innocence  of  those charged with the violation  of the  ordinances of the city, so that it  is  not necessarily  true, as alleged in the petitions, that  unless  the  writs  prayed for are granted, the authorities of the city will  be powerless to enforce  its ordinances,  or  that  the  city  will  be thrown open  to vice and  immorality.   The  actions iustituted by  Cronin  and  the Chesapeake Company have  been  permitted  to  proceed to  final judgment. The appeal of petitioners in the Cronin case is pending here, and  the question  which  they seek to have determined in these proceedings can  be  determined in that case.   The  appeal  by  Cronin brings the case before us on its  merits.

The most that can be granted in these proceedings would be a rule to  show  cause.   Considerable  time must elapse before the  issues could be  made up and the question raised by the  petitioners determined in these proceedings.   The  cases  now  pending in this court wherein  all these  questions  can  be  fully presented are  doubtless of that character  that upon application they  will be  advanced  and  practically determined within the  same  time  as  in  these, if the rules requested should issue.

The writ of prohibition is not one of right.   It may issue in  extraordinary  cases  in  the  exercise  of  a sound  discretion  of the  court  to which the application therefore  is addressed, but never where  the ordinary remedies by law are applicable  and adequate. Neither should it be  permitted to  supersede the ordinary functions of an appeal or writ of error.   *Leon-*

*ard v. Bartels,* 4 Colo: 95; *Tom Boy Co. v.District Court,* 23 Colo. 441; *People v. District Court,* 21 Colo. 251; *People v. District Court;* 11 Colo. 574; *McInerney v. City of Denver,* 17 Colo. 302.

In this connection it is proper to notice that the Cheseapeake case is pending in the court of appeals. The petitioners having invoked the jurisdiction of that tribunal, where, of necessity, the questions now raised by them must be determined, this court is without authority to interfere with the jurisdiction of the court of appeals in that case. The rule is well settled, that where one court has obtained and has jurisdiction of an action, it cannot be interfered with by any other, but has the exclusive right to entertain and exercise such jurisdiction to the final determination of the cause—*In re Doyle,* 26 Colo. 52.

For these reasons, the merits of the respective applications of petitioners are not considered, and cannot be determined in these proceedings.

*Petitions Denied and Proceedings Dismissed.*