[No. 4787.]

THE PEOPLE EX REL. OVREN ET AL. v. THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT ET AL.

**Prohibition—Appellate Practice.**

A writ of prohibition will not be issued by the supreme court

to restrain a district court from proceeding in a cause where the petitioners may obtain all the relief to which they are entitled by appeal or writ of error from the final judgment of the district court in the cause.

*Original Application for Writ of Prohibition.*

Mr. STUART D. WALLING, for petitioners.

Mr. C. J. HUGHES, Jr., Messrs. WALDRON & THOMPSON and Mr. GERALD HUGHES, for respondents.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

This is an original application for a writ of prohibition to be directed to the district court of Arapahoe county to stay further proceedings in an action there pending. That action was instituted by the Famous Consolidated Gold Mining Company, its directors and some of its stockholders, against the defendants, also stockholders, who were striving to wrest control of the company from plaintiffs. The only specific object of the action, as stated in the original complaint, was to restrain the holding of the annual meeting of the corporation which had been called by defendant stockholders, under our statute so providing, upon the failure of the officers of the company to do so. The defendants filed their answer, and upon a hearing of the application for a temporary writ of injunction, the same was denied. The court, however, made an order retaining jurisdiction of the action for the purpose of rendering full and complete relief, and the adjustment of any and all controversies growing out of, or connected with, the holding of the meeting which it had refused to enjoin.

Such meeting was held at the time called, and the result was that two rival boards of directors claim to have been elected. After the adjournment of the

meeting, plaintiffs filed a supplemental complaint in which two new plaintiffs and two new defendants were made parties. Therein were averred the holding of the meeting and the election of plaintiffs as directors and that defendants wrongfully claim to be elected directors, and, unless restrained by the court, will proceed to take forcible possession of the books and property of the company, and oust plaintiffs from the office of which they are in possession and exercising the duties thereof. The prayer is for an injunction to restrain defendants from in any manner interfering with plaintiffs in the discharge of their official duties, and from commencing or prosecuting any suit in any court—save and except in the one in which the action is pending and in that very action—for the purpose of obtaining any decree other than might be rendered in that action, and requiring defendants to set up and litigate therein the validity of their claim to the offices in question.

The court overruled both defendants' motion to strike the supplemental complaint from the files and their demurrer thereto, and issued an injunction substantially in the language of its prayer. Thereupon defendants in that action, as petitioners, brought this application to prohibit the district court from further proceeding, upon the ground that it is wholly without jurisdiction in the premises.

The hearing was before two members only of the court. Counsel have discussed at considerable length the action of the district court under the supplemental complaint, the respondents asserting that under the facts and circumstances of the case that tribunal was strictly within its legitimate powers, and the petitioners as strenuously insisting that the jurisdiction which the court may have had under the original complaint to enjoin the corporate meeting did not include the power to determine title of a direc-

·tor who claims the office by a vote of the stockholders thereat. Whether such action was erroneous is a question which, if we should be called upon to decide in an appeal or writ of error from the final judgment, we probably would not find difficult of solution. But as to whether the district court had jurisdiction in that action to hear and decide the matters presented by the supplemental complaint is a different, and more important, question, upon the investigation of which we are not inclined at the present time, and in the pending proceeding, to enter. It should be left for the consideration of the court with all its members participating, and upon a review according to the usual practice.

We shall deny this application, if for no other reason, because by appeal or writ of error from the final judgment in that action, in case of an unfavorable decision, the relief to which plaintiffs are entitled may be awarded. These applications invoking the original jurisdiction of this court are becoming altogether too frequent, and excepting in extreme cases where the right to the extraordinary relief clearly appears, and the usual remedy is not full, speedy and adequate, we are disposed to remit the parties to their ordinary remedies which, in most cases, prove efficacious, and which, in this case, we believe will be so.

The application is denied. *Application denied.*

Mr. JUSTICE STEELE not participating.