[No. 4913.]

THE PEOPLE EX REL. PRATT, JUDGE OF THE COUNTY
COURT OF ARAPAHOE COUNTY, V. STEVENS,
JUDGE OF THE DISTRICT COURT OF
SEVENTH JUDICIAL DISTRICT.

1.  Prohibition—Adequate Remedy.

The writ of prohibition will not be issued where the ordinary remedies by law are applicable and adequate, nor will it be permitted to supersede the ordinary functions of an appeal or writ of error.

2.  Prohibition—Adequate Remedy—Divorce—Place of Trial.

The defendant, in an action for divorce in the county court of A. county, moved to change the place of trial to M. county, the county of his residence, which being denied he applied to the district court of M. county for a writ of prohibition against the county court, and the county court moved to change the place of trial of the prohibition proceedings to the district court of A. county, which, being denied, application was made to the supreme court for a writ of prohibition against the district court of M. county. Held, that, irrespective of the question of jurisdiction of the district court, the questions to be determined could be determined on appeal from, or writ of error to, the final judgment of the district court, and that the remedy is adequate.

*Original Proceedings on Application for Writ of
Prohibition.*

Mr. JOHN A. DEWEESE and Mr. C. W. CUYKENDALL, for petitioner.

Mr. B. C. HILLIARD, for respondent.

*Per Curiam.*—The facts necessary to consider in determining this application are as follows: A Mrs. Nishwitz brought an action for divorce in the county court of Arapahoe county. The defendant filed a motion for a change of place of trial upon the ground of residence, and the place of the service of the summons, claiming that by his motion he was entitled to the change as a matter of right. The motion was overruled. He then applied to the dis-

trict court of Mesa county for a writ of prohibition against the county court. In response to the alternative writ the petitioner filed a motion for a change of place of trial to the district court of Arapahoe county, claiming that he was entitled to such change as a matter of right. This motion was overruled, whereupon application was made by the petitioner to this court for a writ of prohibition against the district court of Mesa county.

In *People ex rel. v. District Court,* 29 Colo. 1, it was said:

"A writ of prohibition is not one of right. It may issue in extraordinary cases in the exercise of a sound discretion of the court to which the application therefor is addressed; but never where the ordinary remedies by law are applicable and adequate. Neither should it be permitted to supersede the ordinary functions of an appeal or writ of error."

That ruling is particularly applicable to this case. Irrespective of the question of the jurisdiction of the district court, it is plain that the questions which the real party in interest desires to litigate and have determined in this proceeding can be reviewed on appeal, or error, from the final judgment of the district court, and that such procedure is adequate. No rights of the parties in interest will be jeopardized by remitting them to these remedies.

The application is denied and the proceedings dismissed.                                        *Dismissed.*