PLUMBERS, STEAMFITTERS, REFRIGERATION,
PETROLEUM FITTERS, AND APPRENTICES
OF LOCAL 298, A. F. OF L., ET AL. v.
COUNTY OF DOOR ET AL.

No. 396.    Argued March 26, 1959.—Decided May 4, 1959.

*David Previant* argued the cause for petitioners. With him on the brief were *Martin F. O'Donoghue* and *William J. Duffy.*

*Donald J. Howe* argued the cause for respondents. With him on the brief were *George E. Frederick* and *John H. Wessel.*

*Solicitor General Rankin, Jerome D. Fenton, Thomas J. McDermott* and *Dominick L. Manoli* filed a brief for the National Labor Relations Board, as *amicus curiae.*

Opinion of the Court by MR. JUSTICE BLACK, announced by MR. JUSTICE DOUGLAS.

Respondent, County of Door, Wisconsin, is a municipal corporation; petitioners are a Plumbers' Union Local and a Council of Trade Unions. The County hired respondent Oudenhoven to do the general contracting work on an addition to the Door County Courthouse. At the same time some eight contracts covering specific items of construction were entered into by the County with various other firms. Among the contractors was respondent Zahn who had successfully bid for the plumbing work in the project. Unlike the other successful bidders, however, Zahn employed nonunion labor. This disturbed the Plumbers' Union which attempted to induce him to sign a union agreement. After Zahn refused, a picket was assigned to walk around the courthouse carrying a placard which stated that nonunion workers were employed on the project. The picketing, though peaceful, effectively stopped all the work since union members employed by other contractors refused to cross the picket line.

To end the interruption respondents Door County, Zahn, and Oudenhoven sought an injunction in the local Circuit Court. Petitioners defended by claiming, among other things, that under the National Labor Relations Act [1] the state courts had no jurisdiction and that the controversy was exclusively subject to National Labor Relations Board control. The trial court, believing that interstate commerce was not affected by the dispute, denied that the Board had jurisdiction and held that state power existed. It found that state law had been violated by the picketing and issued an injunction. On appeal, the Wisconsin Supreme Court affirmed. 4 Wis. 2d 142, 89 N. W. 2d 920. It apparently disagreed with the basis of the lower court's holding and assumed that the dis-

---

[1] 61 Stat. 136, as amended, 29 U. S. C. §§ 151–168.

pute did affect interstate commerce, but held that the N. L. R. B. had no jurisdiction because Door County, a governmental subdivision, was among those seeking relief. Since the N. L. R: B. had no power, the court ruled, state laws were not pre-empted and the injunction could stand. Under similar circumstances both the National Labor Relations Board and the United States Court of Appeals for the Third Circuit have concluded that the N. L. R. B. has jurisdiction.[2] We granted certiorari to resolve this conflict. 358 U. S. 878.

There can be no doubt that were Door County not a party to the litigation state courts would have no power over the dispute. The stipulated facts show that the total cost of the project was about $450,000. Roughly half of this was the cost of materials brought from outside Wisconsin. On similar facts this Court has often found a sufficient effect on commerce to give the N. L. R. B. jurisdiction. See, *e. g., Labor Board* v. *Denver Bldg. & Constr. Trades Council,* 341 U. S. 675, 683–684. We see no reason to deviate from those holdings. It is also admitted that the dispute here involved is the kind over which the Labor Board normally has exclusive power. Respondents allege an attempt to force Zahn and the County to stop doing business with each other or, alternatively, to coerce Zahn into making his employees organize a union shop. Both of these allegations, if proved, would constitute unfair labor practices under § 8 (b)(4) of the National Labor Relations Act.[3] If the charges are not proved the

---

[2] *Labor Board* v. *Local 313, Int'l· Bro. of Elect. Workers,* 254 F. 2d 221, affirming *Peter D. Furness,* 117 N. L. R. B. 437. See also *New Mexico Bldg. Branch, Assoc. Gen. Contractors,* CCH 1957–1958 Labor L. Rep. (4th ed.) ¶ 55,304; *Freeman Constr. Co.,* CCH 1957– 1958 Labor L. Rep. (4th ed.) ¶ 55,353.

[3] Section 8 (b)(4) provides in part: "It shall be an unfair labor practice for a labor organization or its agents . . . to engage in, or to

conduct might well be "protected" under § 7 of the Labor Act.[4]   In either case this Court has held that the determination must be made by the N. L. R. B. and that "state [courts] must decline jurisdiction in deference to the tribunal which Congress has selected. . . ." [5]

It is claimed, however, that the presence of Door County somehow deprives the Board of jurisdiction and re-establishes state power.   This contention is based on the fact that political subdivisions are expressly excluded from the definition of "employer" in the Labor Relations Act and therefore are not subject to many of its provisions.[6]   To allow the County to file a complaint against the union would, it has been argued, give the County the advantages of the Labor Relations Act without subjecting it to the correlative responsibilities the statute imposes.

induce or encourage the employees of any employer to engage in . . . a strike . . . where an object thereof is: (A) forcing or requiring . . . any employer or other person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person; (B) forcing or requiring any other employer to recognize or bargain with a labor organization as the representative of his employees unless such labor organization has been certified as the representative of such employees . . . ."   61 Stat. 141, 29 U. S. C. § 158 (b) (4).

[4] Section 7 reads: "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection . . . ."   61 Stat. 140, 29 U. S. C. § 157.

[5] *Weber* v. *Anheuser-Busch, Inc.,* 348 U. S. 468, 481.   There is in this case no question of violence or of the power of state courts to award damages.   See generally, *San Diego Bldg. Trades Council* v. *Garmon, ante,* p. 236.

[6] "The term 'employer' . . . shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof . . . ."   61 Stat. 137, 29 U. S. C. § 152 (2).

In *Local 25, Int'l Bro. of Teamsters* v. *New York, N. H. & H. R. Co.*, 350 U. S. 155, we decided that a railroad could seek relief before the Board although railroads, like political subdivisions, are expressly excluded from the term "employer" in the Act.[7]   Our opinion pointed out that "the N. L. R. B. is empowered to issue complaints whenever 'it is charged' that any person subject to the Act is engaged in any proscribed unfair labor practice," and that Board regulations allow such a charge to be filed by "any person" as defined in the Act, 350 U. S., at 160.[8] "Since railroads are not excluded from the Act's definition of 'person' . . ." [9] we held that "they are entitled to Board protection from the kind of unfair labor practice proscribed by § 8 (b)(4)(A)," reasoning that this result would best effectuate congressional policies of uniform control over labor abuses and protection of the parties injured by such practices. *Ibid.*

The position of a county and a railroad would seem to be identical under the Act, and the policy considerations which guided us in *Local 25,* like the statutory language there construed, would seem to apply equally here.[10]

---

[7] "The term 'employer' . . . shall not include . . . any person subject to the Railway Labor Act . . . ." 61 Stat. 137, 29 U. S. C. § 152 (2).  See 44 Stat. 577, as amended, 45 U. S. C. § 151.

[8] 29 CFR, 1958 Cum. Supp., § 102.9, states "A charge that any person has engaged in or is engaging in any unfair labor practice affecting commerce may be made by any person. . . ."  The definition of "person" in the regulations is the same as that in the Act itself. 29 CFR, 1958 Cum. Supp., § 102.1.

[9] As defined in the Act, "The term 'person' *includes* one or more individuals, labor organizations, partnerships, associations, corporations, legal representatives, trustees, trustees in bankruptcy, or receivers."  61 Stat. 137, 29 U. S. C. § 152 (1).  (Italics added.)

[10] Significantly, before this Court's decision in *Local 25, Int'l Bro. of Teamsters* v. *New York, N. H. & H. R. Co.*, 350 U. S. 155, the N. L. R. B. agreed with respondents that political subdivisions were not "persons" under the Labor Act, but shortly after *Local 25* the Board reversed itself since it felt the basis of its prior rulings had been

Respondents attempt to distinguish the case by claiming that a political subdivision must be expressly included in a statute if it is to be considered within the law's coverage and that essential state functions will be impaired if the county is subjected to N. L. R. B. coverage. But this Court has many times held that government bodies not expressly included in a federal statute may, nevertheless, be subject to the law.[11]  And Board jurisdiction to grant relief, far from interfering with county functions, serves to safeguard the interests of such political subdivisions.  Accordingly, we find neither of respondents' contentions convincing.

We do not, of course, attempt to decide whether the Union's conduct in this dispute violates § 8 (b)(4), is protected by § 7, or is covered by neither provision of the Labor Act.  Those are questions for the Board to determine in a proper proceeding brought before it.  See, e. g., *Weber* v. *Anheuser-Busch, Inc.*, 348 U. S. 468, 481.  We merely hold that the Board has jurisdiction in this case and that, therefore, it was error for the Wisconsin courts to exercise jurisdiction.

The judgment of the Supreme Court of Wisconsin is reversed and the cause is remanded to that court for action not inconsistent with this opinion.

*Reversed and remanded.*

completely undercut by *Local 25*.  Compare *Al J. Schneider Co.*, 87 N. L. R. B. 99; 89 N. L. R. B. 221; *Victor M. Sprys*, 104 N. L. R. B. 1128, with *Peter D. Furness*, 117 N. L. R. B. 437; *New Mexico Bldg. Branch, Assoc. Gen. Contractors*, CCH 1957–1958 Labor L. Rep. (4th ed.) ¶ 55,304.

[11] See, e. g., *Ohio* v. *Helvering*, 292 U. S. 360, 370–371 (a State is a "person" within the meaning of a federal law taxing persons engaged in the sale of liquor); *United States* v. *California*, 297 U. S. 175, 186 (a federal statute regulating common carriers by rail applies to a State); *Georgia* v. *Evans*, 316 U. S. 159 (a State is a "person" within the meaning of the Sherman Act, and may seek relief under that statute).