No. 21207.

COLORADO STATE COUNCIL OF CARPENTERS, ET AL. *v.* DISTRICT COURT OF LARIMER COUNTY, ET AL.

(392 P.2d 601)

Decided May 25, 1964.    Rehearing denied June 15, 1964.

Mr. WAYNE D. WILLIAMS, Mr. HOWARD E. ERICKSON, for petitioners.

Messrs. WAGNER and WYERS, for respondents.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding in which the petitioners sought the issuance of a rule directed to the respondents commanding that they show cause why an injunction entered by the respondent district court should not be held null and void for lack of jurisdiction to enter the same. The rule was issued as requested and respondents have filed their answer.

It appears from the documents presented to this Court that the petitioners had made a request of the Van Winkle Construction Company to sign a collective bargaining agreement but that the Company refused; that said Company was performing a construction contract with the City of Fort Collins under which it was obligated to build a water reservoir with a capacity of fifteen million gallons at a cost of approximately $460,000.00; that upon the failure of the Company to sign the tendered contract, petitioners caused pickets to be placed near the entrance to the work project, these pickets displaying placards which stated that the Company "does not have collective bargaining agreement with Carpenters' Local No. 1340"; and it further appears that Van Winkle Construction Company did not make any application to the National Labor Relations

Board in connection with the dispute with petitioners. The Company filed an action in the district court of Larimer County in which it sought an injunction against the aforesaid picketing and further sought damages incurred by the Company, resulting from the events following the picketing of the work project. In the district court action the petitioners questioned the jurisdiction of the court to enter an injunction. The trial court overruled the objections made to its jurisdiction in the premises, and following a hearing entered a preliminary injunction as prayed for by the Company. Thereafter this original proceeding was filed in this Court.

We have read the briefs which have been filed and the cases contained therein. We hold that the district court of Larimer County was without jurisdiction to enter the temporary injunction and that the rule heretofore issued should be and hereby is made absolute. We think it sufficient to say in justification of this decision that the matters in controversy are practically the same as those present in *Building Construction Trades Council v. American Builders, Inc.,* 139 Colo. 236, 337 P.2d 953, in which it was held that the state courts have no jurisdiction to enjoin peaceful picketing in the absence of a showing that the National Labor Relations Board has declined to accept jurisdiction over the controversy. To like effect are two recent decisions of the United States Supreme Court, namely, *Local No. 438, Construction and General Laborers' Union v. Curry,* 371 U.S. 542, 83 S. Ct. 531, 9 L. Ed. 2d 514 (1963); and *Retail Clerks International Association v. Schermerhorn,* 375 U.S. 98, 84 S. Ct. 219, 11 L. Ed. 2d 179, decided December 2, 1963. From the opinion in the case first above mentioned we quote the following:

"The allegations of the complaint, as well as the findings of the Georgia Supreme Court made out at least an arguable violation of § 8(b) of the National Labor Relations Act, 29 U.S.C. § 158(b). Consequently, the state court had no jurisdiction to issue an injunction or

to adjudicate this controversy, which lay within the exclusive powers of the National Labor Relations Board. *Plumbers Union v. Door County*, 359 U.S. 354, 359 (37 LC [65, 403]; *San Diego Council v. Garmon*, 359 U.S. 236, 244-245 (37 LC [65, 367]; *Hotel Employees Union v. Sax Enterprises, Inc.*, 358 U.S. 270 (36 LC [65, 145]; *Weber v. Anheuser-Busch, Inc.*, 348 U.S. 468, 478, 481 (27 LC [67, 064]; *Garner v. Teamsters Union*, 346 U.S. 485, 489-491 (24 LC [68, 020]. Nor is the jurisdiction of the Georgia courts sustainable, as respondents urge, by reason of the Georgia right-to-work law and by § 14(b) of the National Labor Relations Act, 29 U.S.C. § 164(b). This precise contention has been previously considered and rejected by this Court. *Local Union 429 v. Farnsworth and Chambers Co.*, 353 U.S. 969 (32 LC [70, 724] reversing *201* Tenn. 329, 299 S.W.2d 8. The Georgia Supreme Court clearly exceeded its power in authorizing the issuance of a temporary injunction." (46 Labor Cases (CCH) P. 63207).

The rule heretofore issued is made absolute and the temporary injunction by the district court of Larimer County in Civil Action No. 14852 is vacated and held for naught.

Mr. Justice Hall dissents.

Mr. Justice Hall dissenting:

I dissent.

Procedurally, I find nothing in the Constitution, our rules or decisions which sanctions or warrants the entertaining of this matter as an original proceeding.

Petitioners label the proceeding as:

"ORIGINAL PROCEEDING UNDER RULE 106 (4) and RULE 116 IN NATURE OF PROHIBITION."

In *Lucas v. District Court*, 140 Colo. 510, 345 P.2d 1084, this court stated:

"Although the case purports to arise under Rule 106,

it is our view that this rule does not apply to *original* proceedings. * * *."

Rule 116, providing for original proceedings in the Supreme Court, expressly provides:

" * * * Belief in the nature of prohibition will not be granted except in matters of great public importance. The fact that a court has erroneously granted or denied change of venue, or *is* otherwise *proceeding without or in excess of jurisdiction, will not be regarded as sufficient."* (Emphasis supplied.)

Article VI of the Constitution provides:

"Section 2. *Appellate jurisdiction.* — The supreme court, except as otherwise provided in this constitution, shall have appellate jurisdiction only, * * *."

"Section 3. *Original jurisdiction — opinions.* — It shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction, and other original and remedial writs, with authority to hear and determine the same; * * *."

Petitioners here have not sought any remedial writ. Though they label their petition as "in the nature of prohibition," they do not ask that the court, or anyone else, be prohibited from doing anything.

At the time this proceeding was commenced, a temporary injunction had been entered. At the time the hearing was had on the application for a temporary injunction, the court had before it the complaint of the contractor, Van Winkle Construction Company. At that time the petitioners here, defendants there, entered their appearance in that action, they had filed no responsive pleading placing in issue any fact; at that time they suggested to the trial judge that: " * * * grave doubt existed concerning the jurisdiction of the Court to grant the relief requested in view of the provisions of the National Labor Relations Act * * *."

They took no other steps questioning the jurisdiction of the court. The plaintiff presented testimony by sev-

eral witnesses to prove the allegations of its complaint; the defendants offered no testimony.

In this original proceeding the petitioners pray that: "* * * this Honorable Court * * * direct the respondents to show cause * * * why the * * * injunction should not be held null and void for lack of jurisdiction to enter the same, and, in the absence of such showing, that the said preliminary injunction be so held null and void * * *."

Petitioners could get no relief through a "writ of habeas corpus, mandamus, quo warranto, certiorari, injunction," or "other original and remedial writs," or in the nature of prohibition. This court has granted no such relief.

Petitioners in this original proceeding sought review by this court of the proceedings of the trial court. Clearly this court has reviewed the proceedings in the trial court. The respondents have not been ordered to do or refrain from doing anything. This court has issued no writ, no mandate. Without the record before it, it has reviewed the actions of the trial court, found the judgment of the trial court void and erroneous, and adjudicated that: "* * * the temporary injunction * * * is vacated and held for naught."

The relief granted is exactly that which would have been granted or denied on review by writ of error.

Counsel for respondents in their answer urge that:

"The record does not justify the granting of this extraordinary remedy for the reasons set forth in the attached memorandum brief."

In their brief respondents point out that "where writ of error is available, prohibition is not the proper remedy," and refer to numerous pronouncements of this court so holding. The majority opinion makes no mention of this contention and, in effect, reviews the judgment of the trial court without benefit of the record and reverses the judgment of the trial court. In so

doing, the majority proceed in disregard of numerous pronouncements of this court.

In *People v. District Court*, 32 Colo. 469, 77 Pac. 239, it is stated:

" * * * But as to whether the district court had jurisdiction in that action to hear and decide the matters presented by the supplemental complaint is a different, and more important, question, upon the investigation of which we are not inclined at the present time, and in the pending proceeding, to enter. It should be left for the consideration of the court with all its members participating, and upon a review according to the usual practice.

"We shall deny this application, if for no other reason, because by appeal or writ of error from the final judgment in that action, in case of an unfavorable decision, the relief to which plaintiffs are entitled may be awarded. These applications invoking the original jurisdiction of this court are becoming altogether too frequent, and excepting in extreme cases where the right to the extraordinary relief clearly appears, and the usual remedy is not full, speedy and adequate, we are disposed to remit the parties to their ordinary remedies which, in most cases, prove efficacious, and which, in this case, we believe will be so."

In *People v. Stevens*, 33 Colo. 306, 79 Pac. 1018, it is stated:

" * * * Irrespective of the question of the jurisdiction of the district court, it is plain that the questions which the real party in interest desires to litigate and have determined in this proceeding can be reviewed on appeal, or error, from the final judgment of the district court, and that such procedure is adequate. No rights of the parties in interest will be jeopardized by remitting them to these remedies."

In *People ex rel. Adams v. District Court*, 29 Colo. 1, 66 Pac. 888, it is stated:

" * * * The writ of prohibition is not one of right. It

may issue in extraordinary cases in the exercise of a sound discretion of the court to which the application therefor is addressed, but never where the ordinary remedies by law are applicable and adequate. Neither should it be permitted to supersede the ordinary functions of an appeal or writ of error. Leonard v. Bartels, 4 Colo. 95; Tom Boy Gold Mines Co. v. District Court of Arapahoe Co., 23 Colo. 441, 48 Pac. 537; People v. District Court of Second Judicial Dist., 21 Colo. 251, 40 Pac. 460; People v. District Court of Larimer Co., 11 Colo. 574, 19 Pac. 541; McInerney v. City of Denver, 17 Colo. 302, 29 Pac. 516. * * * ."

In *Prinster v. District Court* 137 Colo. 393, 325 P.2d 938, this court quoted with approval the following language found in 42 Am. Jur. 140-141, § 5:

"*The remedy by prohibition is primarily preventive or restraining, not corrective,* and only incidentally remedial in the sense of giving relief to parties.

" * * * *Its principal purpose* at the present time *is to prevent* an encroachment, excess, usurpation, or assumption of jurisdiction on the part of an inferior court or tribunal, or, it has been said, *to prevent some great outrage upon the settled principles of law and procedure,* in cases where wrong, damage, and injustice are likely to follow from such action. * * *." (Emphasis supplied.)

There, it is further stated:

"Prohibition may never be used to restrain a trial court having jurisdiction of the parties and of the subject matter from proceeding to a final conclusion. Nor may it be used to restrain a trial court from committing error in deciding a question properly before it; *it may not be used in lieu of a writ of error.*" (Emphasis supplied.)

In *Leonhart v. District Court,* 138 Colo. 1, 329 P.2d 781, it is stated:

"Corrective measures are not within the sweep and coverage of prohibition; correction of error is the func-

tion of a writ of error. A trial court has the power to render a right as well as a wrong decision. 'Prohibition may never be used to restrain a trial court having jurisdiction of the parties and of the subject matter from proceeding to a final conclusion. Nor may it be used to restrain a trial court from committing error in deciding a question properly before it; it may not be used in lieu of a writ of error.' *Prinster et al. v. District Court,* decided May 19, 1958, 137 Colo. 393, 325 P.2d 938."

In *Aurora v. Congregation,* 140 Colo. 462, 345 P.2d 385, it is stated:

"In simplest terms the office of *the writ of prohibition is preventive* in that it restrains excessive or improper assumption of jurisdiction by a tribunal possessing judicial or quasi-judicial powers. The writ is not one of right, but calls upon the sound, cautious discretion of the petitioned court, and wrapped up in the exercise of this discretion is the existence or absence of other adequate relief. *Leonard v. Bartels,* 4 Colo. 95; *People v. District Court,* 6 Colo. 534; *McInerney v. Denver,* 17 Colo. 302, 29 Pac. 516; *Leonhart v. District Court,* 138 Colo. 1, 329 P.2d 781." (Emphasis supplied.)

The petitioners here entered an appearance in the trial court. They filed no pleadings, offered no testimony, tried to convince the trial judge that no injunction should issue. Failing there, they appear here and ask us to review the proceedings in the trial court. They do not seek to prohibit the trial court from doing anything nor do they seek to compel it to do anything. What they do seek is to have this court say that on the record before the trial court (a record which we do not have), the court entered an erroneous order, an order beyond its jurisdiction, an order that is null and void. I find no precedent or sanction for such proceedings.

Substantively, if the Van Winkle Construction Company's operations did not affect commerce within the meaning of the National Labor Relations Act, then under

such circumstances the court had jurisdiction to grant an injunction.

In its petition here, the Union states:

"a. *The evidence discloses, arguably,* that the respondent, Van Winkle Construction Company, is engaged in commerce or engaged in operations which affect commerce, within the meaning of the National Labor Relations Act; * * *." (Emphasis supplied.)

This court has no record knowledge as to what, if anything, "the evidence discloses." We do not have before us the record in the trial court, we do not know who the witnesses were, nor do we have their testimony before us.

The majority opinion does not even mention the question as to whether Van Winkle's operations affect commerce. "Affecting commerce" is a prerequisite to clothe the National Labor Relations Board with jurisdiction and to preclude the courts from acting. Presumably the trial court resolved this issue contrary to petitioners' suggestion. In spite of the fact that counsel for Van Winkle here vigorously urge that there was no proof and could be none that building of the reservoir affected commerce, the majority opinion makes no comment with reference thereto.

In the majority opinion it is stated:

" * * * We think it sufficient to say in justification of this decision that the matters in controversy are practically the same as those present in *Building Construction Trades Council v. American Builders, Inc.,* 139 Colo. 236, 337 P.2d 953, * * *."

There are two glaring differences between that case and this case. There, an injunction was entered and the Union properly had this court review the actions of the trial court by writ of error. We had before us a complete record of the proceedings in the trial court whereby we could test the correctness of the judgment of the trial court. There, it was definitely conceded that the "operation affects commerce." Here, it is contended that

the operation does not affect commerce. There, the judgment of the trial court was reversed. Here, the judgment of the trial court "is vacated and held for naught" — in my opinion, reversed. The judgments are the same; the cases entirely different.

Petitioners resort to this original proceeding in lieu of and as a substitute for a writ of error. They seek and here obtain a judgment such as is entered on review by writ of error — a judgment that is in no way preventive, that has none of the attributes of a judgment in any type of original proceeding.

In my opinion the rule to show cause should not have been issued, it should now be discharged and the parties to the original action take such further proceedings therein as they may deem advisable.