INTL. HODCARRIERS LOCAL 1282 *v.* CONE-HUDDLESTON

5-3929                                                    406 S. W. 2d 366

Opinion delivered October 3, 1966

*H. Clay Robinson,* for appellant.

*Lightle & Tedder,* for appellee.

HUGH M. BLAND, Justice. The question to be determined by this appeal is whether the White County Chancery Court had jurisdiction to enter an injunction against appellant, or was original and exclusive jurisdiction in the National Labor Relations Board.

Appellee was a general contractor and had contracted to construct the White County Hospital at

Searcy, Arkansas. The building of the hospital was to be financed by the sale of bonds in the amount of $600,-000.00 by White County and matching Federal funds. After construction was commenced and on or about October 22, 1965 appellants demanded that appellee execute a contract negotiated between the Associated General Contractors, Arkansas Chapter, and appellants and pay the wage scale set out therein. The appellee refused to do this and on or about October 29, 1965 appellants established pickets on the project and construction ceased. The next day appellee obtained a temporary restraining order on the ground that the picketing was in violation of Arkansas' "right-to-work law" [Ark. Stat. Ann. § 81-201-203 (Repl. 1960) and Amendment 34 of the Arkansas' Constitution]. Appellants filed a motion to dissolve the temporary order and the cause was heard on November 7, 1965. Under the evidence adduced at the hearing the chancellor found that the court had jurisdiction to grant an injunction to prevent a violation of the Arkansas "right-to-work law" and against picketing to obtain an unlawful objective. The court further found that the purpose of the picketing was to coerce appellee to sign a union contract and to coerce its employees to join appellant's union. The temporary order was made permanent, however, the chancellor dissolved the restraining order allowing picketing as a means of informing the public that appellee was paying substandard wages. From this holding appellant has appealed.

It was stipulated that appellee had an inflow and/or outflow of materials or services in interstate commerce of $50,000.00, or more than sufficient to put it under the jurisdiction of the National Labor Relations Act. *Guss* v. *Utah Labor Relations Board,* 353 U. S. 1 (1957). Other testimony in the record is immaterial since the only issue is jurisdiction.

Appellants contend that the conduct in dispute and the parties are subject to the exclusive and primary jurisdiction of the National Labor Relations Board and that the White County Chancery Court was thus with-

out jurisdiction, relying on such authorities as *Mitcham* v. *Ark-La Construction Co.*, 239 Ark. 1162, 397 S. W. 2d 789, decided by this court on December 20, 1965; *San Diego Bldg. Trades Council* v. *Garmon*, 359 U. S. 236 (1959); *Local No. 438, Construction & General Laborers Union, AFL-CIO* v. *Curry*, 371 U. S. 542 (1963).

In the *Mitcham* v. *Ark-La Construction Co.* case, *supra,* which was decided subsequent to the decree of the White County Chancery Court, we held that where the activity was arguably within the compass of § 7 or § 8 of the Act, the state courts were without jurisdiction to act. Citing *San Diego Building Trades Council* v. *Garmon*, 359 U. S. 236 (1959) and *Radio & Television Broadcast Technicians Local Union No.* 1264 v. *Broadcast Service of Mobile, Inc.*, 380 U. S. 255 (1965). In the case of *Local No. 438* v. *Curry, supra,* the employer brought an action in a Georgia State Court seeking an injunction against the union, alleging that the union was picketing for the purpose of coercing the employer into hiring only union labor in violation of the Georgia "right-to-work" statute. The union argued that the National Labor Relations Board had exclusive jurisdiction. On appeal the Georgia Supreme Court affirmed. On appeal, the U. S. Supreme Court reversed, holding:

" * * * The allegations of the complaint, as well as the findings of the Georgia Supreme Court, made out at least an arguable violation of § 8 (b) of the National Labor Relations Act, 29 U.S.C. § 158 (b). Consequently, the state court had no jurisdiction to issue an injunction or to adjudicate this controversy, which lay within the exclusive powers of the National Labor Relations Board. * * * Nor is the jurisdiction of the Georgia courts sustainable, as respondents urge, by reason of the Georgia right-to-work law and by § 14 (b) of the National Labor Relations Act, 29 U.S.C. § 164 (b). This precise contention has been previously considered and rejected by this Court. *Local Union* 429 v. *Farnsworth & Chambers Co.* 353 U. S. 969, reversing 201 Tenn.

329, 299 S. W. 2d 8. The Georgia Supreme Court clearly exceeded its power in authorizing the issuance of a temporary injunction." 371 U. S. at pp 546, 547, 548.

In *San Diego Building Trades Council* v. *Garmon, supra,* the U. S. Supreme Court held:

"The case before us concerns one of, the most teasing and frequently litigated areas of industrial relations, the multitude of activities regulated by §§ 7 and 8 of the National Labor Relations Act. 61 Stat. 140, 29 U.S.C. §§ 157, 158. These broad provisions govern both protected 'concerted activities' and unfair labor practices. They regulate the vital, economic instruments of the strike and the picket line, and impinge on the clash of the still unsettled claims between employers and labor unions." 359 U. S. at p. 241.

" * * * When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted. * * * The governing consideration is that to allow the States to control activities that are potentially subject to federal regulation involves too great a danger of conflict with national labor policy." 359 U. S. at pp 245-46.

We cannot speculate what action the National Labor Relations Board will take in this dispute, but the Board must first try or reject the case before a state court may act. We, therefore hold that the White County Chancery Court was without jurisdiction to enter the injunction and the decree is reversed and the cause dismissed.

Reversed and dismissed.