No. 25307

Carolyn J. Fitzgerald, Judy Hanley, and Patricia J. Hanley v.
The District Court in and for the County of Archuleta, and
The Honorable William S. Eakes, Judge thereof
(493 P.2d 27)

Decided January 10, 1972.

Al H. Haas, Albert M. Dreyer, for petitioners.

Hamilton, Hamilton & Shand, E. B. Hamilton, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This is an original proceeding wherein a writ of prohibition was sought in this court to prohibit the respondents from enforcing a certain default judgment against the petitioners, and to command the respondents to vacate that certain default judgment and set the case for trial on its merits. This court issued an order on the respondents to show cause why the relief sought should not be granted. The respondents have now answered. Upon review, we conclude that the relief sought by the petitioners should be denied. Accordingly, we discharge the rule.

The fact situation and the judicial procedures which the petitioners claim entitles them to relief in the nature of prohibition under C.A.R. 21(a) are summarized as follows:

In 1965, Petitioners Hanley acquired a certain parcel of land from petitioner Fitzgerald, subject to a first deed of trust held by Luther Lee. The land became subject to a mechanic's lien in favor of Federal Lumber Company. This lien was foreclosed and the land sold to Federal at a sheriff's sale in September 1968. In September of 1968, Lee commenced foreclosure of his deed of trust. Federal recorded its sheriff's deed on October 8, 1969.

At some point, Four Corners Vacation Properties purchased Federal's interest, and it redeemed the land from the Lee foreclosure by paying the public trustee the sum of $32,787.63 on March 13, 1970. The redemption period on the Lee foreclosure expired on April 23, 1970, without any

attempt on the part of the petitioners to redeem the land from Four Corners.

Four Corners then filed two actions against the petitioners, one for possession and the other to quiet title to the land. Upon motion of the Hanleys, these two actions were consolidated with the original mechanic's lien foreclosure, as they contended there was failure of service of process upon Judy Hanley in that action. A pre-trial conference was held, at which time, the trial judge ordered the Hanleys to deposit the sum of $35,000 to cover the amount paid by Four Corners to the public trustee and the amount of Federal's lien, plus interest, into the registry of the court by August 4, 1970, or suffer the entry of judgment in favor of Four Corners. Upon motion of the petitioners, the time limit was extended to August 19, 1970.

On August 17, 1970, Judy Hanley filed a Chapter XII bankruptcy petition in Nevada. The referee in bankruptcy stayed the action of the Colorado court in the Four Corners suits. On May 5, 1971, on motion of Four Corners, the referee dismissed the petition and vacated the stay order. On May 10th, the trial court, on the motion of Four Corners entered judgment in its favor on a finding that the Hanleys had not paid the required amount into the registry of the court. The referee in bankruptcy reinstated the stay order on May 11, pending appeal of the dismissal of the bankruptcy petition to the United States District Court. That court permanently vacated the stay order on August 27, 1971, stating that the appeal was "frivolous and taken only for delay."

On September 8, 1971, the Archuleta County District Court denied the motion of petitioners to vacate the judgment entered on May 10 and to stay execution thereon. In denying this motion, the court made a finding that the judgment had been entered not only because of petitioners failure to deposit the required $35,000, but "because of the many delays that had been occasioned to this court concerning the action, the court not having been advised in any way of the defendants' actions in the bankruptcy court, or of

32

defendants' objections to any action being taken by this court." The court also found that the defendants could have appealed the default judgment, but failed to do so.

■■■ The consideration of this petition for a remedial writ in the nature of prohibition involves only one question, and that is, "whether the inferior [judicial] tribunal is exercising a jurisdiction it does not possess, or, having jurisdiction over the subject matter [and the parties] has exceeded its legitimate powers." *McInerney v. Denver,* 17 Colo. 302, 29 P. 516. Prohibition is not available where the party seeking it has adequate remedies at law, or where it will supersede the functions of an appeal. *Aurora v. Congregation,* 140 Colo. 462, 345 P.2d 385; *People ex rel. Pratt v. Stevens,* 33 Colo. 306, 79 P. 1018. A writ of prohibition will not issue to restrain a court from the entry of judgment or from the issuance of an order which is reviewable on appeal. *Tomboy Gold Mines Co. v. District Court of Arapahoe County,* 23 Colo. 441, 48 P. 537.

■■■ Applying the foregoing principles to the case at hand, we find that the trial court entered judgment on May 10, 1971. The entry of judgment is an order which is appealable under the Colorado Rules of Civil Procedure. Petitioners made no attempt to appeal that judgment, but have rather sought to substitute a writ of prohibition for an appeal. The law in Colorado is clear that this may not be done.

No reasons are advanced in the briefs to explain petitioners' failure to seek review by appeal of the trial court's final order denying petitioners' motion to vacate the default judgment. The grounds advanced by petitioners in support of their petition here are all matters which could be raised on appeal.

Although the record before us seems clear that the court entered its judgment at a time when no Federal stay order was in effect, the proper place to question that is on appeal and not by a petition for a remedial writ in the nature of prohibition.

We now find that the order to show cause was improvi-

dently granted, and we therefore discharge the rule.
Rule discharged.