**Henry R. BEAUSOLEIL**

v.

**UNITED FURNITURE WORKERS OF AMERICA, AFL–CIO, DISTRICT #1, LOCAL NO. 136–B, John S. Yarmo and Nicholas E. Walsh.**

**Civ. A. No. 2519.**

United States District Court
D. New Hampshire.

May 18, 1965.

---

Weeney v. New York, N. H. & H. R. R. Co., 282 F.2d 34, 38, Fn. 10 (2nd Cir.),

cert. denied, 364 U.S. 870, 81 S.Ct. 115, 5 L.Ed.2d 93 (1960).

Nelson, Winer & Lynch, Joseph F. Gall, Nashua, N. H., for plaintiff.

Upton, Sanders & Upton, Richard F. Upton, Concord, N. H., for defendants.

CONNOR, District Judge.

Plaintiff filed an action in Superior Court of New Hampshire on October 16, 1964, charging defendant union and others with malicious interference with his employment, and claiming $10,000 in damages. Defendants filed their removal petition on October 27, 1964. Now plaintiff has moved to remand, in effect challenging the jurisdiction of this court over the subject matter of the action. Plaintiff states that his action is one at common law and, therefore, "belongs in the State court." For reasons that follow, the Court agrees.

There is no diversity of citizenship here and the amount in controversy does not exceed $10,000. Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185) provides no basis for jurisdiction either, as this is not an action to obtain enforcement of a collective bargaining agreement. It is true that the scope of section 301 has been interpreted to include, among other things, suits by individual union members. Smith v. Evening News, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). But nowhere has it been held that section 301 authorizes an action the purpose of which is other than judicial enforcement of a collective bargaining agreement. The present action is in *tort:* it alleges malicious interference with an employment relationship. Humphrey v. Moore, 375 U.S. 335, 84 S. Ct. 363, 11 L.Ed.2d 370 (1964), cited by defendants does not support their position. In that case, the Supreme Court merely agreed that an action by an employee who sought to annul the effect of an employer-union accord on the ground that it violated the collective bargaining agreement, was a suit for violation of the collective bargaining agreement.

Nor does 29 U.S.C. § 159 provide any jurisdictional basis for this action. Defendants have cited Syres v. Oil Workers, 350 U.S. 892, 76 S.Ct. 152, 100 L.Ed. 785 (1955), a per curiam decision reversing without comment a decision of the Court of Appeals for the Fifth Circuit. This reversal stands only for the proposition that federal courts have jurisdiction over suits by union members to enjoin a breach of fiduciary duties that are imposed on a union in its role as exclusive bargaining agent for all of its members under 29 U.S.C. § 159. The present action does not fall within that category.

The motion to remand is granted and the action is hereby remanded to the Superior Court of New Hampshire for Hillsborough County.