Hillsborough,
No. 5506.

HENRY R. BEAUSOLEIL

*v.*

UNITED FURNITURE WORKERS OF AMERICA & *a.*

Argued October 4, 1966.
Decided November 30, 1966.

*Harkaway, Barry & Gall* ( *Mr. Joseph F. Gall* orally ), for the plaintiff.

*Upton, Sanders & Upton* ( *Mr. Richard F. Upton* orally ), for the defendants.

DUNCAN, J. This is an action of case, alleging that in August and October 1963 the defendant union, and the individual defendants who like the plaintiff were members of the union, maliciously caused the plaintiff to be suspended from his employment with the Old Colony Furniture Company of Nashua, intending to cause him economic loss, and in fact doing so. As damages, the plaintiff seeks compensation lost during suspension to the date the employer ceased to do business, in June 1964.

The defendants removed the action to the United States District Court, alleging that it was an action for breach of an alleged labor contract cognizable under *s.*301a of the Labor-Management Relations Act of 1947, 29 U.S.C., *s.* 185( a ). The District Court held otherwise, and remanded the case to the state court. *Beausoleil* v. *United Furniture Workers of America,* 244 F. Supp. 719 ( D. N. H. 1965 ).

The defendants thereupon pleaded in bar that the action charges

conduct which was "arguably" an unfair labor practice under *s*. 8 ( b ) subsections 1A and 2 of the National Labor Relations Act ( 29 U.S.C., *s*. 158 ( b )), and moved that the action be dismissed. In support of the motion, they filed a copy of a charge filed by the plaintiff with the National Labor Relations Board in November 1963, allegedly based upon the same cause of action, together with a copy of the action of the Regional Director of the Board denying "further proceedings" because "investigation revealed insufficient evidence of Union causation of any discriminatory note directed towards [the plaintiff herein]" and because "the facts in the instant case fail to reveal any violation of 8 ( b ) ( 1 )( A ) and ( 2 ) . . . . " The supporting exhibit further disclosed that on administrative appeal, the Regional Director's order was sustained.

Additionally, pursuant to Superior Court Rule number 47 ( RSA ch 491 App R 47 ( supp )), the defendants filed the affidavit of an international representative of the defendant union, stating that the employer was engaged in interstate commerce, with an outflow of goods in such commerce exceeding $50,000 in value per year ( see *Pokigo* v. *International Brotherhood of Electrical Workers*, 106 N. H. 384, 386; 1 CCH Labor Law Reporter, Labor Relations, *par.* 1610 ), and outlining events in 1963 which led to the plaintiff's suspension by the employer from October 1963 to June 1964.

The plaintiff's answer to defendants' plea set forth the action of the United States District Court remanding the case to the state court, and sought denial of the motion to dismiss.

The motion was denied by the Superior Court ( *Grimes*, J. ) on November 29, 1965. On December 29, 1965, the Court entered the following order upon the plaintiff's motion filed November 3, 1965 to strike the affidavit of the union representative: " Since the Court's order was made in spite of the affidavit, no action on this motion seems necessary. "

The defendants' exception to the order denying the motion to dismiss was reserved and transferred by the Presiding Justice.

The exception presents the issue of whether the jurisdiction of the state court has been pre-empted by federal law. At the outset it may be observed that the proceedings in the United States District Court which resulted in remand to the state court did not purport to decide this issue. As appears from the order of the

District Court, it decided merely that that court had no original jurisdiction either under the Labor-Management Relations Act ( 29 U.S.C., *s.* 185 ) "as this is not an action to obtain enforcement of a collective bargaining agreement," or under 29 U.S.C., *s.* 159, as the action "does not fall within [the] category" of suits for breach of fiduciary duties. 244 F. Supp. 719, 720, *supra.* Moreover in agreeing with the plaintiff's contention that "his action is one at common law and, therefore, 'belongs in the State Court,'" the District Court did not purport to decide any jurisdictional issue as between the state court and the National Labor Relations Board. As we interpret the order, the sole question decided was that the United States District Court had no jurisdiction of the action.

It is not now disputed that the pending action sounds in tort. *Huskie* v. *Griffin*, 75 N. H. 345; Restatement, Torts, *ss.* 775, 790. It is at least "arguable" ( see *Pokigo* v. *International Brotherhood of Electrical Workers*, 106 N. H. 384, 387 ) that it charges the defendants with acts constituting unfair labor practices. *Radio-Officers* v. *Labor Board*, 347 U. S. 17; *Miranda Fuel Co.*, 140 NLRB Rep. 181.

The exhibit filed by the defendants in support of their motion to dismiss indicates that the National Labor Relations Board took jurisdiction of the dispute presented by the plaintiff's charges but denied relief for insufficiency of the evidence. See *Wilmot* v. *Frank*, ( N. Y. ) 19 App. Div. 2d 542. Hence the plaintiff is in no position to deny the jurisdiction of the Board. *Ready-Mix Concrete Co.* v. *Truck Drivers etc. Union*, 195 Kan. 154.

On the record before us, we are of the opinion that the state court is without jurisdiction to entertain the pending action, and that the motion to dismiss was erroneously denied. We consider this to be so upon the ground that the action arguably falls within the exclusive jurisdiction of the National Labor Relations Board, so that state jurisdiction is pre-empted by the National Labor Relations Act. 29 U.S.C., *s.* 158.

Instances in which state court jurisdiction has been held to exist are restricted to clearly defined categories. Thus in *United Automobile &c. Workers* v. *Russell*, 356 U. S. 634 ( 1958 ), a state court was held to have jurisdiction of an action against a union for malicious interference with the plaintiff's right to pursue a lawful occupation, where the interference was through threats

of violence. However in the later case of *San Diego Bldg. Trades Council* v. *Garmon*, 359 U. S. 236 ( 1959 ) the state court was held without jurisdiction to enjoin peaceful picketing, since the compelling interest of the State in preserving the peace was not involved. See also, *Plumber's Union* v. *Door County*, 359 U. S. 354.

More recently in *Plumber's Union* v. *Borden*, 373 U. S. 690 ( 1963 ) the principles enunciated in *Garmon* were relied upon to reach the conclusion that a state court had no jurisdiction of an action by a union member charging the union with malicious interference with his occupation. In so deciding the court held at *p.* 698: "In the present case the *conduct* on which the suit is centered, whether described in terms of tort or contract, is conduct whose lawfulness could initially be judged only by the federal agency vested with exclusive primary jurisdiction. . . . "

. Thus it appears that the basic rule applied in the *Borden* case, *supra*, is one of pre-emption of state court jurisdiction in the absence of overriding state interest. See *Smith* v. *Pitts. Gage and Supply Co.*, 412 Pa. 171, 174; Annot. 10 L. Ed. 1200. The recognized exceptions to the basic rule, as catalogued by the Pennsylvania court in the *Smith* case, *supra,* are ( 1 ) cases where the activity complained of is "marked by violence and imminent threats to the public order" ( *United Construction Workers* v. *Laburnum Construction Corp.*, 347 U. S. 656; *United Automobile Workers* v. *Russell, supra*; see *United Mine Workers* v. *Gibbs*, 383 U. S. 715; 721 ); ( 2 ) cases brought on collective bargaining agreements under the Labor-Management Relations Act of 1947 ( *Dowd Box Co.* v. *Courtney*, 368 U. S. 502; *Smith* v. *Evening News Ass'n*, 371 U. S. 195 ); and ( 3 ) cases involving purely internal union matters. *International Ass'n of Machinists* v. *Gonzales,* 356 U. S. 617.

The most recent addition to the list of exceptions in which state law has been held not to be pre-empted, was a case of malicious libel arising out of a union organizing campaign, where the State's concern with redress was considered to be "so deeply rooted. in local feeling and responsibility" as to fit within the "exception specifically carved out" by *Garmon, supra*. *Linn* v. *Plant Guard Workers*, 383 U. S. 53, 62. And see *Id.*, *p.* 62, footnote 5.

Although the plaintiff places reliance upon the *Linn* case, we find in the opinion of the court no support for his position. We

consider that the issue in the case before us is controlled by *Garmon* and *Borden, supra,* and that the jurisdiction of the state court must be held to be pre-empted, since no violence or threats to the public order are an element of the plaintiff's case, and no ground for relief is afforded by the Labor-Management Relations Act of 1947. Other cases relied upon by the plaintiff, which turn upon the latter Act, fall within a recognized exception to the rule of pre-emption. The instant case may not be rested upon section 301 of the Labor-Management Relations Act as the cited order of the District Court has demonstrated.

Since the defendants' motion to dismiss was erroneously denied, the order is

*Exception sustained.*

All concurred.