Argued January 5, affirmed February 15, 1967

# STEARNS ET AL, *Appellants, v.* COMMISSION OF PUBLIC DOCKS ET AL, *Respondents.*

423 P. 2d 748

*Clifford D. O'Brien,* Portland, argued the cause for appellants. With him on the brief was Bernard Jolles, Portland.

*Verne W. Newcomb,* Portland, argued the cause for respondent Portland Commission of Public Docks. With him on the brief were Sabin, Dafoe & Newcomb, Jack B. Schwartz, White, Sutherland & Gilbertson, Thomas J. White, and E. Wayne Cordes, Portland.

For respondents International Longshoremen's & Warehousemen's Union, and International Longshoremen's & Warehousemen's Union, Local 8, a brief was filed under the names Philip A. Levin, Norman Leonard, and Pozzi, Levin & Wilson, Portland.

For respondents Pacific Maritime Association and Matson Navigation Company, a brief was filed under

the names of Richard L. Ernst, San Francisco, California, and Krause, Lindsay & Nahstoll, Portland.

Before Perry, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

HOLMAN, J.

Plaintiffs brought this proceeding for certain injunctions and a declaratory judgment. Defendants filed demurrers on the grounds that the complaint did not set forth a cause of suit or action and, if it did, it was not a controversy over which the court had jurisdiction. The demurrers were sustained. Plaintiffs appealed from a judgment dismissing plaintiffs' complaint upon their refusal to plead further.

The plaintiff union is Hoisting & Portable Engineers, Local No. 701 (Engineers Local) and the individual plaintiffs are members of Engineers Local who work for the defendant Commission. The defendants are the Commission of Public Docks (Commission), a municipal subdivision of the City of Portland which operates Terminal No. 4 and other facilities for the loading and unloading of maritime vessels; the Matson Navigation Company (Matson), a corporation which operates maritime vessels; the Pacific Maritime Association (PMA), which is engaged in representing Matson and other operators of maritime vessels in their negotiations with organized labor; the International Longshoremen's and Warehousemen's Union (International Longshoremen's); and International Longshoremen's and Warehousemen's Local No. 8 (Longshoremen's Local), which is the Portland branch of International Longshoremen's, some of whose members also work for the Commission.

The complaint discloses a situation where for many

years the individual plaintiffs, as employees of the Commission, have been assigned by the Commission the work of operating and oiling the Commission's cranes used in the loading and unloading of maritime vessels at Terminal No. 4. For this work they received additional compensation over their normal monthly salaries. Prior to the commencement of this proceeding the Commission notified the individual plaintiffs they would no longer be assigned these duties in the loading and unloading of maritime vessels belonging to Matson, and that this work would be assigned to members of the Longshoremen's Local. The reason given for taking the work on the cranes away from the individual plaintiffs was that they were members of the Engineers Local and not members of the Longshoremen's Local. Thereafter, the Commission did so use members of Longshoremen's Local.

The complaint also discloses that Matson through PMA had entered into an agreement with International Longshoremen's under which members of Longshoremen's Local were given preferential rights to perform work engaged in by Matson, or stevedores acting on its behalf, in loading and unloading Matson vessels at Terminal No. 4.

Plaintiffs seek an injunction restoring the individual plaintiffs to their duties as crane operators and oilers in the loading and unloading of Matson's ships, and an injunction restraining the Commission from discriminating against the individual plaintiffs on account of thier membership in Engineers Local and their nonmembership in Longshoremen's Local. They also ask for a declaratory judgment that the Commission be prohibited from granting any preference to, or taking any discriminatory action against, any of its employees on account of their membership or non-

membership in any labor organization and for a judgment that the individual plaintiffs receive such damages for lost earnings and pension credits to which an accounting may show they are entitled.

The defendants first claim that plaintiffs' complaint alleges a controversy involving activities arguably protected or prohibited by §§ 7 and 8 of the National Labor Relations Act (NLRA), 29 USC §§ 157 and 158, and, therefore, jurisdiction has been preempted by the NLRA to the National Labor Relations Board (NLRB), *Plumbers' Union v. Borden,* 373 US 690, 83 S Ct 1423, 10 L ed2d 638 (1963); *San Diego Unions v. Garmon,* 359 US 236, 79 S Ct 773, 3 L ed2d 775 (1959).

It should be noted at the outset that the complaint does not allege that any of the defendants other than the Commission is guilty of any discrimination or otherwise illegal or objectionable action nor does it seek any relief against anyone but the Commission.

■ Section 2(2) and (3) NLRA, 61 Stat 137 (1947), as amended, 29 USC § 152(2) and (3) provides:

> *"The term 'employer'* includes any person acting as an agent of an employer, directly or indirectly, but *shall not include* the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or *any State or political subdivision thereof,* * * *."* (Emphasis ours.)
> *"The term 'employe'* * * * *shall not include* * * * any individual employed as a supervisor, or *any individual employed* by an employer subject to the Railway Labor Act, as amended from time to time, or *by any* other *person who is not an employer as herein defined."* (Emphasis ours.)

The individual plaintiffs, for whose benefit this action was brought and who are stated to have been offended

by the actions of the Commission, are alleged to be employees of the Commission. The Commission is alleged to be a political subdivision of the State of Oregon. On the face of the complaint neither the Commission nor the individual plaintiffs come within the definition of employer or employee under the NLRA. Defendants by various means seek to show that, in fact, the Commission and the individual plaintiffs do not respectively occupy the position of political subdivisions of the state and its employees. Whatever the facts may be, this court in considering a demurrer to the complaint is confined to the allegations thereof. The complaint alleges otherwise.

■ The complaint fails to disclose any alleged actions which are arguably prohibited or protected by §§ 7 or 8 of the NLRA.① Section 7 deals exclusively

---

① Section 7 NLRA, 61 Stat 140 (1947), 29 USC § 157 (1964):

> "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 8(a)(3)."

Section 8(a) NLRA, 61 Stat 140 (1947), as amended, 29 USC § 158(a) (1964):

> "(a) It shall be an unfair labor practice for an employer—
> "(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7;
> "*  *  *  *  *
> "(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization:  *  *  *."

Section 8(b) NLRA, 61 Stat 141 (1947), as amended, 29 USC § 158(b) (1964):

> "(b) It shall be an unfair labor practice for a labor organization or its agents—
> "(1) to restrain or coerce (A) employees in the exercise

with rights of employees. Plaintiffs are not employees as defined by the NLRA. Section 8(a) relates to the actions of an employer. The only actions complained of in the complaint are those of the Commission. The

of the rights guaranteed in section 7: * * *
"(2) to cause or attempt to cause an employer to discriminate against an employee in violation of subsection (a)·(3) * * *
"* * * * *
"(2)·(i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is—

"(A) forcing or requiring any employer or self-employed person to join any labor or employer organization or to enter into any agreement which is prohibited by section 8(e);

"(B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor organization as the respresentative of his employees unless such labor organization has been certified as the representative of such employees under the provisions of section 9: * * *

"(C) forcing or requiring any employer to recognize or bargain with a particular labor organization as the representative of his employees if another labor organization has been certified as the representative of such employees under the provisions of section 9;

"(D) forcing or requiring any employer to assign particular work to employees in a particular labor organization or in a particular trade, craft, or class rather than to employees in another labor organization or in another trade, craft, or class, unless such employer is failing to conform to an order or certification of the Board determining the bargaining representative for employees performing such work: * * *."

Commission is not an employer as defined by the NLRA. Section 8(b) relates solely to the unfair practices of a labor organization. The Commission, the only defendant whose actions are complained of, is not a labor organization.

■ Defendants contend that the NLRB has jurisdiction despite the fact that the Commission is a branch of the State because it is only one of several defendants, the balance of whom are subject to the Act. Defendants point to *Plumbers' Union v. Door County,* 359 US 354, 79 S Ct 844, 3 L ed2d 872 (1959); and *Teamsters Union v. N. Y., N. H. & H. R. Co.,* 350 US 155, 76 S Ct 227, 100 L ed 166 (1956), where it was held that the NLRB had exclusive jurisdiction of the controversies despite the fact that in each instance one of the parties was not an employer as defined by the Act. In both cases mentioned an exempt employer was complaining that third parties, who were not employed by it but who were subject to the NLRA, had committed unfair labor practices which affected the exempt employer. Such controversies come within the NLRB's exclusive jurisdiction where the exempt employer is a "person" within the meaning of § 8 of the NLRA and is therefore entitled to be protected by proceedings under the Act from unfair labor practices by employees and employers subject to the Act. The controversies in these cases were not between an exempt employer and its exempt employees as is the present controversy. The alleged relationship between exempt employer and exempt employees is one that has been "carved" from the NLRA. *Teamsters Union v. N. Y., N. H. & H. R. Co.,* supra.

■ The defendants also urge that the proceeding concerns a dispute between two labor organizations as to which has jurisdiction over dockside cranes and that

this type of controversy has been held to be within the exclusive province of the NLRB. The complaint alleges that PMA, upon behalf of Matson or stevedores acting upon Matson's behalf, has a contract with International Longshoremen's giving members of Longshoremen's Local preferential rights to perform work *engaged in by Matson and its stevedores* in the loading and unloading of cargo at Terminal No. 4. It does not allege that the Commission has entered into any such contract or that the members of Longshoremen's Local claim any preferential rights to such work when it is performed by the Commission. The members of Longshoremen's Local may, in fact, claim such a preferential right but the complaint does not allege that they do. It alleges only that the members of Longshoremen's Local are doing the work and that the Commission has given it to them because they were members of Longshoremen's Local. The complaint does not allege a jurisdictional dispute between Engineers Local and Longshoremen's Local.

For the foregoing reasons it is the court's opinion that the plaintiffs' alleged grounds for relief are stated in such a manner that this court's jurisdiction cannot be challenged by demurrer. It must now be determined whether plaintiffs' complaint states grounds for relief in any event.

Plaintiffs' principal contention is that the Commission as a public employer is violating ORS 243.730 in the hiring of members of the Longshoremen's Local to operate and oil its cranes in the loading and unloading of Matson's vessels instead of allowing the members of Engineers Local to do so. The provisions of the statute are as follows:

ORS 243.730 "(1) Public employes have the right

to form, join and participate in the activities of labor organizations of their own choosing for the purpose of representation and collective bargaining with their public employer on matters concerning employment relations.

"(2) Public employers shall not interfere with, intimidate, restrain, coerce or discriminate against public employes because of their exercise of rights under subsection (1) of this section."

Plaintiffs allege no contractual right with the Commission which entitles members of the Engineers Local to the work in question. They only allege that the work has been assigned in the past to members of Engineers Local and that the working conditions of its members were established by informal discussions between Engineers Local and the Commission.

■ It is our opinion that the actions of the Commission as alleged in plaintiffs' complaint do not constitute interference, coercion or discrimination with respect to the individual plaintiff's exercise of any rights protected by ORS 243.730. The right of the public employee which is protected from such actions by the public employer, is "the right to form, join and participate in the activities of labor organizations of their own choosing *for the purpose of representation and collective bargaining with their public employer* on matters concerning employment relations." (Emphasis ours.) The plaintiffs have joined and participated in the activities of a labor organization of their own choice. Through it they have bargained with the Commission and have apparently been unsuccessful in securing the exclusive right to perform the work in question. The purpose of the statute is to leave public employees unfettered in their union activities so they are free to bargain with their employer. No one has

interfered with plaintiffs' right to bargain for favorable employment. The statute is not a guarantee that unionized employees will be successful in all their demands or that they will automatically retain all privileges previously enjoyed.

■ Because the Commission, for reasons of its own, has chosen to give part of a certain type of work in which plaintiffs have no vested right to members of another union, it is not guilty of discrimination or interference relative to plaintiffs' right to join a union and negotiate with the Commission concerning the terms of their employment. If plaintiffs' contention were correct, any other unionized employees of the Commission could levy the same charge of discrimination against the Commission because the work with its premium pay was being given exclusively to the members of the Engineers Local. The statute was not intended as a means for unionized public employees to exert leverage to retain working rights for which they have no contract nor as a means of enforcing their desired conditions of employment.

■ Plaintiffs also contend that the alleged actions of the Commission are a violation of Article XI, § 9 of the Oregon Constitution. The section in part provides:

"No * * * municipal corporation, * * * shall become a stockholder in any joint company, corporation or association, whatever, or raise money for, or loan its credit to, or in aid of, any such company, corporation or association. * * *"

International Longshoremen's and Longshoremen's Local might derive increased dues from the public employment of their members, but this does not constitute a violation of the constitutional provision. If it did, none of the specified branches of government

could transact business with private enterprise because the transaction might be beneficial to the private enterprise.

The decree of the trial court is affirmed.