overruled, and appeal as of right dismissed, 142 Ohio St., 276).

The admission of the testimony of the other daughter, if erroneous, is certainly prejudicial and for that reason the judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

BRYANT, P. J., and MCLAUGHLIN, J., concur.

MCLAUGHLIN, J., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.

THE SHERLOCK BAKING CO., APPELLANT, *v.* BAKERY DRIVERS, CHAUFFEURS AND HELPERS UNION, LOCAL NO. 365, ET AL., APPELLEES.

(No. 5249—Decided November 9, 1959.)

*Messrs. Shumaker, Loop & Kendrick,* for appellant.
*Mr. Jack Gallon,* for appellees.

FESS, J. Notwithstanding that "stranger picketing" sought to be enjoined in the instant case is unlawful as against the public policy of Ohio (*Chucales* v. *Royalty,* 164 Ohio St., 214, 129 N. E. [2d], 823, certiorari denied, 351 U. S., 926, 100 L. Ed., 1456,

76 S. Ct., 781; *P. & S. Operating Co.* v. *Brotherhood*, 168 Ohio St., 73, 151 N. E. [2d], 364; *Richmond Bros. Co.* v. *Amalgamated Clothing Workers of America*, 168 Ohio St., 560, 157 N. E. [2d], 101, certiorari denied, 361 U. S., 838 4 L. E. [2d], 77, 80 S. Ct., 53), it appearing that the activity of the defendants sought to be enjoined is arguably subject to the provisions of Sections 7 and 8 of the National Labor Relations Act, jurisdiction of which is initially conferred upon the National Labor Relations Board (*San Diego Bldg. Trades Council* v. *Garmon* [April 20, 1959], 359 U. S., 236, 3 L. Ed. [2d], 775, 79 S. Ct., 773), the Common Pleas Court has no jurisdiction to determine the controversy, and the judgment of the Common Pleas Court dismissing the petition for want of jurisdiction must be affirmed.

The judgment of the Court of Common Pleas is affirmed and the cause is remanded thereto for execution for costs.

*Judgment affirmed.*

SMITH, J., concurs.

DEEDS, J.  I concur in a finding that both the trial court and this court are without jurisdiction to consider the subject matter (the controversy between the parties).

My view, therefore, is that the appeal should be dismissed and the cause remanded for execution for costs.