WIGGINS AND COMPANY, INC., et al.,
Plaintiffs-Appellees,

v.

RETAIL CLERKS UNION LOCAL NO.
1557, AFL–CIO, Defendant-Appellant.

Supreme Court of Tennessee.

Feb. 25, 1980.

Rehearing Denied March 24, 1980.

John B. Rayson, E. H. Rayson, Knoxville, for plaintiffs-appellees.

Kenneth L. Campbell, Nashville, for amicus curiae.

George E. Barrett, Nashville, George R. Murphy, Beth Shulman, Washington, D. C., for defendant-appellant.

OPINION

HARBISON, Justice.

As this case comes before this Court, the only issue is whether or not jurisdiction of the state courts in a trespass-injunction suit has been pre-empted by reason of action taken in a labor dispute by the National Labor Relations Board and now pending review in the United States Court of Appeals for the Sixth Circuit. We are of the opinion that state court jurisdiction has been pre-empted and that the action should be dismissed.

Since April 1976 there have been parallel proceedings between the same parties in the Tennessee state courts and before the National Labor Relations Board. Because of intricacies in federal-state relationships and the difficulty of ascertaining when or whether state court jurisdiction existed or was pre-empted, litigation has gone forward in each of the two forums to the point that diametrically conflicting orders and injunctions have now been issued by the National Labor Relations Board and the Tennessee Court of Appeals, Eastern Section—exhibiting the very type of overlapping jurisdiction and conflicting orders which the pre-emption doctrine was intended to prevent.

The facts of the case are not in dispute and, indeed, were stipulated before the trial court. Wiggins and Company, Inc., is the owner of real estate in Knox County, Tennessee, on which there is situated a shopping center. When the controversy involved here commenced on April 5, 1976, the property was under lease to S. S. Kresge Company, which in turn subleased a portion to appellee Giant Food Markets, Inc.

Giant Foods had opened a retail grocery store in its portion of the leased premises on April 5, 1976. During that day a number of pickets, members of appellant Retail Clerks Union, Local No. 1557, AFL–CIO, began picketing and distributing handbills on the premises of the shopping center directly in front of the grocery store. None of these persons was employed by the landowner,

the tenant or the subtenant. It was stipulated in the trial court that the picketing was peaceful and orderly. The picketers distributed handbills alleging that Giant Foods had failed to employ personnel who had worked for a predecessor retail grocery at the site and that its wages and working conditions were below area standards. In this Court appellees concede that the Local had the right to engage in "area standards picketing". The only dispute between the parties is and has been the right of the Union to picket on private commercial property. From the outset, the Union has insisted that its activity was protected under the provisions of § 7 of the National Labor Relations Act, 29 U.S.C. § 157, while appellees have contended that the picketing was trespassory in violation of private property rights.

Picketing continued throughout the day on April 5, 1976, despite requests by appellees that the pickets leave the shopping center premises and conduct their activities on the public sidewalk or street. When this demand was refused, appellees applied for and obtained a temporary restraining order from the chancellor of a state court on April 6, 1976. This order was issued ex parte, but the chancellor set the matter for adversary hearing later in the month. It was continued at the request of appellant and was finally heard on April 28. In the meanwhile, on April 27, 1976, appellant filed an unfair labor practice charge against appellees with the National Labor Relations Board.

Following a hearing on April 28, the chancellor issued a temporary injunction and overruled appellant's motion to dismiss. The case was then tried on its merits on stipulated facts, and on September 9, 1976, the chancellor sustained the Union's position and dismissed the action. Appellees appealed to the Court of Appeals.

At that time there was pending for decision in the Supreme Court of the United States the case of *Sears, Roebuck and Company v. San Diego County District Council of Carpenters.* The state court postponed consideration of the appeal until the United States Supreme Court announced its decision in the *Sears* case, 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978).

In the meanwhile, the unfair labor practice charges before the National Labor Relations Board lay dormant from April 1976 until January 18, 1977, at which time the General Counsel issued a complaint alleging violations of the N.L.R.A. by appellees. A hearing was held in Knoxville before an Administrative Law Judge, and on June 10, 1977, he filed an opinion dismissing the complaint in its entirety. Exceptions were taken by the General Counsel. The matter was heard before the Board, which rendered a decision almost two years later, on April 14, 1979, reversing the decision of the Administrative Law Judge and holding that appellees had violated § 8(a)(1) of the Act in demanding that the pickets leave the premises. The Board concluded that the picketing was protected under § 7 and that their right to picket on private property outweighed any reasons for prohibiting the picketing. Review of this action was sought by appellees in the United States Court of Appeals for the Sixth Circuit, and action on such review is still pending in that Court. In the interim, however, the Sixth Circuit has expressly refused an application by appellees for a stay of the N.L.R.B. order which directed appellees to cease and desist from prohibiting the picketing and required them to post notice to that effect on their premises.

Prior to the decision of the N.L.R.B. in April 1979, however, and at a time when the unfair labor practice charges had been dismissed by the Administrative Law Judge and were pending for review before the Board, the Court of Appeals, Eastern Section, rendered its decision in the state court proceedings. Relying upon language in the *Sears* case, which permitted state courts to enjoin trespassory picketing under certain circumstances, the Court of Appeals reversed the chancellor and held that state courts had jurisdiction to enjoin the picketing in this case. It ordered the injunction previously issued to be reinstated and remanded the cause to the trial court.

As stated, about three weeks later, the N.L.R.B. announced its decision, reversing the Administrative Law Judge. A petition for rehearing was then filed before the Court of Appeals, urging that since unfair labor practice charges were not only pending in the federal agency but had then been sustained, jurisdiction of the state courts was clearly pre-empted. In a split decision, however, the Court of Appeals adhered to its original decision and permitted the injunction to remain in effect. We granted the Union's application for permission to appeal because of the conflicting orders which had been issued by the state and federal tribunals.

There is no need here to reiterate the long and involved history of the pre-emption doctrine and of the gray area between state-federal jurisdiction in labor disputes. It has been discussed repeatedly in decisions of the United States Supreme Court and on several occasions by this Court.[1] The subject is treated in depth in the various opinions filed in the *Sears* case, *supra.*

As pointed out by appellant, there is a distinction between the *Sears* case and the present proceedings. Of great, perhaps controlling, importance in the *Sears* case was the fact that no unfair labor practice charges were ever filed by the union before the National Labor Relations Board. The *Sears* case arose on facts very similar to those here, but in the absence of the filing of federal administrative charges the majority of the Court held that state courts could enjoin trespassory picketing upon private property even though the picketing was peaceful and did not involve any threat of violence. Concurring justices disagreed as to whether a different result might have been reached had unfair labor practice charges been filed before the N.L.R.B.

As stated previously, in the present case not only were such charges filed before the N.L.R.B., but during the pendency of the state court proceedings those charges were upheld by the Board and a cease-and-desist

order issued. It is not necessary to determine at this juncture whether the state court originally had jurisdiction or not, or whether, if it did so, such jurisdiction was automatically pre-empted by the initial filing of charges before the N.L.R.B. The members of the United States Supreme Court themselves appear to disagree on those questions, and undoubtedly that Court will ultimately decide those issues. It seems clear, however, that when the N.L.R.B. has actually entertained and sustained on their merits unfair labor practice charges, the point of pre-emption has obviously been reached. State courts should not act thereafter when the issues before the state court and the federal agency are identical.

There is no question made in the present case as to the identity of issues or of the parties in the respective state and federal proceedings, except to the extent that the landowner, Wiggins and Company, was found not guilty of unfair labor practices in the N.L.R.B. case. It is not insisted, however, that this fact should affect our disposition of the state court proceedings or that Wiggins alone would be entitled to maintain in force an injunction against the union. As noted previously, the property was under a commercial lease and the premises were occupied in their entirety by Kresge and Giant Foods. There were no other tenants in the shopping center.

It is the principal insistence of appellees that this Court should either withhold its decision until the Court of Appeals for the Sixth Circuit takes final action upon review of the N.L.R.B. order or, in the alternative, that this Court should leave in force the injunction ordered by the state Court of Appeals until the federal appellate court acts. We find no merit in this position. Once the Court of Appeals for the Sixth Circuit acts, it would still be possible for appellees to seek review in the Supreme Court of the United States. If appellees' contention had merit, the state courts

---

1. *E. g., Hood v. Stafford,* 213 Tenn. 684, 378 S.W.2d 766 (1964); *Farnsworth & Chambers Co. v. Local 429, IBEW,* 201 Tenn. 329, 299 S.W.2d 8, *rev'd per curiam,* 353 U.S. 969, 77 S.Ct. 1056, 1 L.Ed.2d 1133 (1957).

might well leave an injunction in force until the Supreme Court of the United States had completed certiorari review.

We do not so understand the pre-emption doctrine. As a result of the action of the state Court of Appeals, the Union has been enjoined from doing the very acts which the N.L.R.B. expressly authorized it to do. Appellees, on the other hand, are entitled to prohibit picketing under the state court order while they are required to permit it and to post notices to that effect under the order of the federal agency. Each of the parties is subject to cross-injunctions which are diametrically conflicting.

Appellee insists that the action of the N.L.R.B. is erroneous and not in accord with previous decisions of the federal courts. It insists that the action may well be reversed, noting that in the majority opinion in the *Sears* case, *supra,* it was stated that trespassory picketing has seldom been held to be a protected activity.

However this may be, that argument goes to the merits, or lack thereof, of the N.L.R.B. decision, not to the question of state court jurisdiction. We have already noted that the Court of Appeals for the Sixth Circuit denied a stay of the N.L.R.B. order pending review. The issue of whether the order should or should not be stayed until the federal appellate court renders its decision is a matter for determination by the federal, not the state, courts.

The judgment of the Court of Appeals is reversed and the cause is dismissed because jurisdiction of the state courts has been pre-empted. Costs will be taxed to appellees.

BROCK, C. J., and FONES and COOPER, JJ., concur.

HENRY, J., concurs in results only.