Janice Fay SMITH, Plaintiff-Appellee,

v.

LEON–FERENBACH, INC., Defendant-Appellant.

Supreme Court of Tennessee, at Knoxville.

Aug. 22, 1983.

Bob McD. Green, Sharon Green, Johnson City, for plaintiff-appellee.

Stephen E. Fox, Johnson City, for defendant-appellant.

## OPINION

BROCK, Justice.

The plaintiff brought this action for compensatory and punitive damages against the defendant-appellant, Leon-Ferenbach, Inc., her employer, and United Textile Workers of America, a labor union of which she was a member. Both defendants filed motions to dismiss the complaint upon grounds that plaintiff's claim was based upon alleged conduct of the defendants which amounted to an unfair labor practice, the sole jurisdiction of which is vested by federal law in the National Labor Relations Board, and, in the event review of the Board's determination should be sought, in the federal courts. The trial judge sustained these motions to dismiss and the plaintiff appealed to the Court of Appeals which reversed the judgment of the trial court and remanded the case for trial on the merits. Both defendants sought discretionary review in this Court; we denied the application of the Union but granted that of the employer.

In her complaint the plaintiff alleges that she was employed by the defendant, Leon-Ferenbach, Inc., and that she was wrongly discharged because of her activities on behalf of her union, United Textile Workers of America, which was attempting to organize her employer's plant. She alleges that her union on behalf of her and other

employees filed an unfair labor practice charge against the employer in proceedings before the National Labor Relations Board; that the regional director of the National Labor Relations Board, an administrative law judge and, finally, the National Labor Relations Board determined this charge of unfair labor practice against the employer and decreed, in part, that the plaintiff be reinstated to her job and be paid the back wages which she had lost in the sum of approximately $5,133.03. She further alleges, however, that, following the decision of the NLRB,

"... the said United Textile Workers of America arbitrarily decided, without consulting her, to waive her claim amounting to $5,133.03."

The complaint further charges:

"8. The plaintiff avers that the said United Textile Workers of America arbitrarily and capriciously, and without consulting her, waived the appeal to which she was entitled, that because of their arbitrary, capricious and wrongful action she has been effectively deprived of recovering the said sum of $5,133.03 for back wages, and that she will incur attorney's fees and other expenses in the prosecution of her claim against the United Textile Workers of America for their deliberate, wrongful and tortious act."

■ We concluded that the foregoing allegations against the Union, construed favorably to the plaintiff, could be considered as alleging a breach by the Union of its duty of fair representation, see *Ford Motor Co. v. Huffman,* 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953); *Syres v. Oil Workers International Union,* 350 U.S. 892, 76 S.Ct. 152, 100 L.Ed. 785 (1956), and, since state courts are permitted to entertain jurisdiction of actions brought to enforce that duty, as an exception to the pre-emption doctrine, see *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 912, 17 L.Ed.2d 842 (1967), we denied the application of the Union for review in this Court and allowed to stand the judgment of the Court of Appeals reversing the order of

the trial court dismissing plaintiff's action against the Union.

The only allegations made by the plaintiff against the defendant employer, other than her claim that she was wrongfully discharged from her employment, are as follows:

"10. The plaintiff avers that the only logical explanation for the failure of the United Textile Workers of America to prosecute her appeal would have been an agreement by Leon-Ferenbach and the United Textile Workers of America to the effect that Leon-Ferenbach would no longer resist the payment of the back wages, provided they did not have to reinstate your plaintiff. She avers that the feeling toward her, on the part of the said employer, was intense because she was more active than many of the other workers in attempting to unionize plant no. 1 although her activities at all times were lawful and within the proper purview and scope of the Taft-Hartley Act, and she, therefore, joins the said Leon-Ferenbach as party defendant in this cause.

\*     \*     \*     \*     \*     \*

"12. The plaintiff avers that she was rightfully entitled to her back wages, that no just reason or excuse existed for the failure of the NLRB to require the said Leon-Ferenbach to pay her lost wages, and that her loss was occasioned by the joint, concurrent and combined wrongful and tortious act of the said Leon-Ferenbach and the said United Textile Workers of America, ...."

■ We hold that insofar as the complaint states a claim against the defendant-employer it is based upon conduct that is "arguably subject to Section VII or Section VIII of the National Labor Relations Act" and is, therefore, not subject to jurisdiction of the state courts. *San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon,* 359 U.S. 236, 245, 79 S.Ct. 773, 780, 3 L.Ed.2d 775 (1959); *Wiggins and Co., Inc. v.*

*Retail Clerks Union Local No. 1557, AFL–CIO,* Tenn., 595 S.W.2d 802 (1980).

Obviously, the defendant-employer was under no duty of fair representation toward the plaintiff; it did not in any way represent the plaintiff. In the proceedings before the National Labor Relations Board the employer was her antagonist, the opposing party, who, as such, committed no actionable wrong in seeking and accepting a modification of the original decree of the NLRB which relieved the employer of any duty to reinstate the plaintiff or award her back pay. The allegations that the employer wrongfully discharged the plaintiff because of her activities in behalf of the effort of her union to organize the employer's plant is clearly an activity subject to Section VII or Section VIII of the National Labor Relations Act which is committed by federal law to the exclusive jurisdiction of the NLRB and to such review in the federal courts as is provided by federal law; the courts of this state have no jurisdiction whatever to review the determination or other action of that Board. *San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon, supra.*

The judgment of the Court of Appeals is reversed and that of the trial court dismissing plaintiff's complaint against the defendant-employer is affirmed. Costs are taxed against the plaintiff and surety.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.